UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHMOUD ELSAYED, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DAVID MCALEE, et al.,<br><br>　　　　　Defendants. | Case No. 18-cv-01256-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 10 |

Before the Court is Defendants McAlee's and the City of Palo Alto's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants the motion.

I.  **REQUEST FOR JUDICIAL NOTICE**

Defendants request that the Court take judicial notice of: (1) Mahmoud Abdelfatah Elsayeda's arrest warrant, (2) Janet Billups' declaration, and (3) the City of Palo Alto's Notice of Rejection. ECF No. 11 at 2. "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

The Court may take judicial notice of an arrest warrant if the plaintiff does not contest the existence or authenticity of the warrant itself. *Bunkley v. Verber*, No. 17-CV-05797-WHO, 2018 WL 1242168, at *2 (N.D. Cal. Mar. 9, 2018). While Plaintiffs contest whether the warrant was supported by probable cause, they do not contest its existence or authenticity. *See* ECF No. 14 at 8. Therefore, the Court takes judicial notice of the arrest warrant. ECF No. 11-1. The Court also takes judicial notice of Janet Billups' declaration that she is a claims investigator for the City who

searched city records for claims concerning Elsayed's March 2, 2016 arrest and found none aside from the claim rejected by the City on September 28, 2016. ECF No. 11-2 at 2; *see Martin v. Hedgpeth*, No. C 12-3193 CRB (PR), 2014 WL 3884287, at *6 (N.D. Cal. Aug. 7, 2014) ("The Court takes judicial notice that an authorized custodian of records . . . conducted a search . . . and found that plaintiff never filed a claim related to his instant causes of action against defendants."). Finally, the Court takes judicial notice of the City's notice of rejection for Elsayed's government claim because it is a matter of public record not subject to reasonable dispute. ECF No. 11-3; *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

## II. BACKGROUND[1]

The plaintiffs in this action are Mahmoud Elsayed ("Elsayed"), his wife Nanette Dumas ("Dumas"), and Mashallah Elsayed ("Mashallah"), their developmentally disabled adult daughter. ECF No. 9 ("FAC") ¶¶ 5–6. Plaintiffs live in Santa Clara County, California. *Id.* ¶ 4. Elsayed is of Arabic ethnic origin and a Muslim. *Id.* ¶ 8. The defendants in this action are David McAlee ("McAlee") and the City of Palo Alto ("City"). *Id.* ¶¶ 9, 11. McAlee is a police officer for the City. *Id.*

Pursuant to an arrest warrant, McAlee entered Plaintiffs' home on March 2, 2016 and arrested Elsayed. *Id.* ¶ 14; ECF No. 11-1. The criminal charges against Elsayed were eventually dismissed and "the Santa Clara County Superior Court found [] Elsayed was factually innocent of all alleged crimes." FAC ¶ 23.

Plaintiffs bring the following claims: (1) violation of Elsayed's Fourth and Fourteenth Amendment rights through arrest without probable cause under Section 1983, violation of all Plaintiffs' Fourth and Fourteenth Amendment rights through unlawful entry under Section 1983, and violation of all Plaintiffs' Fourteenth Amendment rights through familial interference under Section 1983; (2) violation of Elsayed's Fourteenth Amendment rights through discrimination under Section 1983; (3) violation of all Plaintiffs' Fourteenth Amendment substantive due process rights under Section 1983; (4) *Monell* liability for "an official policy" or breach of duty to provide

---

[1] For the purposes of deciding this motion, the Court accepts as true the FAC's allegations. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

2

1  "adequate and/or reasonable training" under Section 1983; and (5) violation of California Civil Code § 51.7 on the basis of Elsayed's and Mashallah's "status." *Id.* ¶¶ 4-46. Plaintiffs bring their first three claims against McAlee, their *Monell* claim against the City, and their Section 51.7 claim against all Defendants. *Id.*

### III. JURISDICTION

The Court has jurisdiction over this case because the complaint brings claims under the federal law contained in 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiffs' state claim pursuant to 28 U.S.C. § 1367(a).

### IV. PROPOSED SECOND AMENDED COMPLAINT

In their opposition, Plaintiffs request leave to file their proposed and attached second amended complaint ("SAC"). ECF No. 14 at 7; ECF No. 15-1. "[N]ew allegations contained in . . . [an] opposition motion . . . are irrelevant for Rule 12(b)(6) purposes. In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (internal quotation marks omitted). The Court will not consider Plaintiffs' SAC in ruling on the instant motion.

"If Plaintiffs wish to amend their pleadings, they must first file a motion for leave to amend." *Grant v. Unigard Indem. Co.*, No. CV14-00198 BJR, 2015 WL 11233201, at *4 (W.D. Wash. Mar. 13, 2015); Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion"). "Because no motion has been filed, any comments the court might make regarding the propriety or advisability of amending the complaint would be totally gratuitous and without any legal basis or effect." *Moeller v. Taco Bell Corp.*, 966 F. Supp. 2d 899, 908 (N.D. Cal. 2013). The Court will not rule on the request contained in Plaintiffs' opposition.

### V. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, when accepted as true, states a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

1  misconduct alleged." *Id*. While this standard is not a probability requirement, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks and citation omitted). In determining whether a plaintiff met this plausibility standard, the Court accepts all factual allegations as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## VI.   DISCUSSION

### A.   Arrest without Probable Cause, Unlawful Entry, Excessive Force, and Familial Interference

Plaintiffs allege that "[t]he arrest of . . . Elsayed was wrongful [and] without probable cause," but state no additional facts. FAC ¶ 15. This bare assertion does not set forth "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, Elsayed was arrested pursuant to a warrant. *See* ECF No. 11-1. There is "a presumption of validity with respect to the affidavit supporting the . . . warrant." *Franks v. Delaware*, 438 U.S. 154, 171 (1978). "[I]n an action for unlawful arrest pursuant to a facially valid warrant, a police officer is entitled to qualified immunity unless no officer of reasonable competence would have requested the warrant." *Case v. Kitsap Cty. Sheriff's Dep't*, 249 F.3d 921, 926 (9th Cir. 2001) (internal quotation marks omitted). Plaintiffs agree and concede that "[t]he [FAC] did not specifically address the problems associated with the warrant." ECF No. 14 at 7–8. The FAC fails to state a claim with respect to arrest without probable cause.

Plaintiffs' claim for unlawful entry also fails in light of the presumptively valid warrant. *See Payton v. New York*, 445 U.S. 573, 603 (1980) ("[F]or Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within."); *see also United States v. Gooch*, 506 F.3d 1156, 1158 (9th Cir. 2007). Plaintiffs do not address this argument, and their concession that the FAC did not address the warrant also applies to this argument. ECF No. 14 at 8. As a result, the FAC fails to state a claim for unlawful entry.

The FAC also fails to state a claim for excessive force. Plaintiffs allege "the manner

4

by . . . which the Defendants . . . carried out the arrest was done with excessive/unreasonable force or was unreasonable." FAC ¶ 17. This is a legal conclusion, devoid of "factual content," and insufficient to carry Plaintiffs' burden at the pleading stage. *Iqbal*, 556 U.S. at 678. Plaintiffs do not contest this deficiency. ECF No. 14 at 9. The Court dismisses the claim.

Finally, Plaintiffs' claim for familial interference fails to state a claim because it is predicated upon the unconstitutionality of Elsayed's arrest. *See* FAC ¶ 18. Where a familial interference claim is "directly related to all the other constitutional claims . . . , the other claims form an integral part of the claim relating to familial interference" and failure of the other claims precludes liability for familial interference. *Gausvik v. Perez*, 392 F.3d 1006, 1008 (9th Cir. 2004). Again, Plaintiffs accept this deficiency. ECF No. 14 at 11. Because the FAC fails to state a claim for arrest without probable cause, it necessarily fails to state a claim for familial interference.

### B. Discrimination

"To state a claim for violation of Equal Protection under the Fourteenth Amendment, a plaintiff must allege that the individual defendants, acting under color of state law 'acted in a discriminatory manner and that the discrimination was intentional.'" *Harris v. Clearlake Police Dep't*, No. 12-0864-YGR, 2012 WL 3042942, at *8 (N.D. Cal. July 25, 2012) (citing *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000)). Plaintiffs assert that "Defendants' wrongful acts . . . were committed, taken, and based on . . . Elsayed's status as an Arab-American and a Muslim and constituted unlawful and unconstitutional discrimination." FAC ¶ 28. While these allegations identify Elsayed as part of a protected class, they fail to explain how Elsayed was treated differently based on his membership in a protected class, they do not allege that any wrongful acts were committed with discriminatory intent, and they do not point to any factual matter that would show discrimination. Plaintiffs do not dispute that the FAC fails to allege sufficient factual matter. ECF No. 14 at 14. The Court dismisses Plaintiffs' discrimination claim.

### C. Substantive Due Process

Defendants assert that Plaintiffs' claims for false arrest and excessive force arise under the

5

Fourth Amendment, not the Fourteenth. ECF No. 10 at 15. Plaintiffs concede that, "[t]o the extent that this [] argument is intended to be limited only to [] Elsayed's claims, and not those of [] Dumas[sic] or Mashallah[sic], then the Plaintiffs do not quarrel with that assertion." ECF No. 14 at 12.

Plaintiffs argue that Dumas and Mashallah retain substantive due process claims under the Fourteenth Amendment as innocent bystanders to Defendants' misconduct towards Elsayed. *Id*. The parties agree the standard governing Dumas' and Mashallah's claim is the "deliberate indifference" standard utilizing the "shocks the conscience" test. *See* ECF No. 14 at 12; ECF No. 10 at 13–15; *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) (holding that where actual deliberation is practical, "deliberate indifference" may suffice to "shock the conscience" for a due process violation). The FAC states simply that the "decision to arrest . . . Elsayed at his home and the manner in which the arrest was carried out" was a wrongful act. FAC ¶ 18. Since Dumas' and Mashallah's claims relate directly to Elsayed's claims for excessive force and discrimination, and the FAC fails to allege sufficient facts to state a claim for that conduct, it also fails to state a claim showing the arrest "shock[ed] the conscience." *Wilkinson*, 610 F.3d at 554. The Court dismisses Plaintiffs' substantive due process claim.

### D. *Monell* Liability

Under *Monell*, a government entity is not liable under Section 1983 unless a "policy or custom" of the entity was a moving force behind the alleged constitutional violation. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978).

> In order to establish liability for governmental entities under *Monell*, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

*Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997)). Generally, a plaintiff may establish *Monell* liability by showing one of three things: (1) an unconstitutional policy or custom behind the violation of rights, (2) a deliberately indifferent omission, such as failure to train, or (3) a final

policymaker's involvement in, or ratification of, the conduct underlying the violation. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249-50 (9th. Cir. 2010), *overruled on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016).

Plaintiffs allege that the City "expressly created, promulgated, adopted, and/or implemented an official policy or policies which intentionally and illegally resulted in police investigation and arrest practices and procedures resulting in arrests without probable cause and/or discrimination against suspects." FAC ¶ 34. This is insufficient to state a claim under *Monell* because it is a bare recitation of the legal standard and Plaintiffs must state facts which allege a specific policy or custom that violated their constitutional rights. *See Sternberg v. Town of Danville*, No. 15-cv-01878-SI, 2015 WL 9024340, at *5 (N.D. Cal. Dec. 16, 2015) (alleging "the existence of . . . a pattern or practice" only "recites the elements of a *Monell* claim and is plainly insufficient").

Failure to train government employees may constitute a sufficient policy under *Monell* if the failure constitutes "deliberate indifference," or "reflects a 'deliberate' or 'conscious' choice" by the government entity. *City of Canton v. Harris*, 489 U.S. 378, 390 (1989) (citation omitted). "A pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotation marks omitted). Plaintiffs allege that the City breached its duty to provide "adequate and/or reasonable training for their law enforcement officers . . . so that they would be able to investigate alleged crimes and/or make arrests properly and legally, supported by probable cause, and without bias or prejudice." FAC ¶ 35. Plaintiffs also allege that this conduct "amounted to deliberate indifference." *Id.* ¶ 38. This is a bare recitation of the legal standard, which fails to offer sufficient factual matter as to why the City's failure to train amounted to "deliberate indifference." *See City of Canton*, 389 U.S. at 390 n.10. Plaintiffs also fail to state a claim under the "failure to train" line of *Monell* cases.

**E.     California Civil Code Section 51.7**

Before bringing a suit against a public entity in California, a plaintiff must first file a claim with that entity. Cal. Gov't Code § 945.4. If the public entity rejects the claim and gives notice,

the plaintiff must bring suit "not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov't Code § 945.6(a)(1). A plaintiff bringing an action in court must allege compliance with the California Tort Claims Act in her complaint. *AIDS Healthcare Found. v. Los Angeles Cty.*, No. CV1210400PAAGRX, 2013 WL 12134048, at *9 (C.D. Cal. Mar. 18, 2013). And contrary to Plaintiffs' arguments, the California Tort Claims Act applies to Section 51.7 claims. *See Castenada v. City of Napa, Cal.*, No. C-95-4094 MHP, 1996 WL 241818, at *6 (N.D. Cal. May 3, 1996) ("Since Section 51.7 is not enumerated and does not contain its own exemption provision, it is properly concluded that the claims procedure laid out in Section 900 *et seq.* of the Act applies.").[2]

Plaintiffs do not plead compliance with the California Tort Claims Act, nor can they. ECF No. 10 at 18. The City mailed a notice rejecting Plaintiffs' government claim on September 28, 2016. ECF No. 11-3 at 1. Plaintiffs filed their initial complaint on February 26, 2018, well past the six month period allowed by the California Tort Claims Act. ECF No. 1. Plaintiffs' Section 51.7 claim is dismissed with prejudice. *See Kim v. City of Belmont*, No. 17-CV-02563-JST, 2018 WL 500269, at *10 (N.D. Cal. Jan. 22, 2018).

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' motion to dismiss. Plaintiffs' Section 1983 claims and *Monell* claim are dismissed without prejudice. Plaintiffs' Section 51.7 claim is dismissed with prejudice. Plaintiffs may amend their complaint within 30

///

---

[2] Plaintiffs argue that the Government Tort Claims Act does not apply to claims brought under Section 51.7. ECF No. 14 at 16. To support their argument, Plaintiffs cite a single case from the Eastern District of California, *Devlyn v. Lassen Mun. Util. Dist.*, 737 F. Supp. 2d 1116, 1123 (E.D. Cal. 2010). That case has not been persuasive within its own district. *See Davis v. Kissinger*, No. 2:04-CV-0878-TLN-DAD, 2014 WL 5486525, at *2–3 (E.D. Cal. Oct. 29, 2014) (declining to follow *Devlyn* and finding that a majority of courts ruling on the issue apply the Tort Claims Act to Section 51.7 claims). Plaintiffs' assertion is also outweighed by substantial authority to the contrary in this district. *See, e.g.*, *Imperial v. Ramsey*, No. 08-05644 CW, 2010 WL 2765540, at *3 (N.D. Cal. July 13, 2010); *Spears v. City & Cty. of San Francisco*, No. C 06-4968 VRW, 2008 WL 2812022, at *12 (N.D. Cal. July 21, 2008); *Castenada*, 1996 WL 241818 at *6. The Court rejects Plaintiffs' argument.

days solely for the purpose of curing the deficiencies identified in this order. Amendment for any other reason requires a motion for leave to amend.

**IT IS SO ORDERED.**

Dated: August 2, 2018



JON S. TIGAR
United States District Judge